**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**


DAVID NEWSON,           )
                           )
             Petitioner,   )
v.                        )     No. 1:06-cv-0638-SEB-VSS
                           )
STANLEY KNIGHT,       )
                           )
            Respondent.  )


**Entry Denying Petition for Writ of
Habeas Corpus and Directing Entry of Judgment**

      The petition of David Newson ("Newson") for a writ of habeas corpus is **denied** and this action is **dismissed with prejudice.**

## I. NATURE OF THE CASE

      Newson seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## II. PARTIES

      Newson is an inmate in the custody of the Indiana Department of Correction. He is confined at the Pendleton Correctional Facility.

      The respondent is Newson's custodian, and in this action is sued in his official capacity only as representative of the State of Indiana.

## III. PROCEDURAL BACKGROUND

      Newson was convicted in an Indiana state court of murder and of carrying a handgun without a license. He was sentenced to an aggregate executed term of 73 years and is now serving that sentence. His conviction was affirmed on appeal in *Newson v. State,* 721 N.E.2d 237 (Ind. 1999)(*Newson I*), and the trial court's denial of his petition for post-conviction relief was affirmed on appeal in *Newson v. State*, No. 49A02-0410-PC-855 (Ind.Ct.App. November 28, 2005)(*Newson II*). The filing of this action followed, and the matter is presented on the other pleadings and briefs and on the expanded record.

## IV.  FACTS

The Indiana Supreme Court set forth the facts regarding Newson's convictions on direct appeal as follows:

> [O]n April 6, 1996, Leroy Cooks and Darryl Ford were standing outside some apartments. Defendant David Newson and another man drove up and exited their car. Defendant had a tattoo and was wearing a blue bandanna.
>
> Defendant and the other man walked past Cooks and Ford, climbing a short stairway to Rosezina Chandler's apartment and knocked on her door. Chandler opened the door and told Defendant that she did not want any company. He responded, "Cool" and turned to walk away. Chandler noticed a black handgun on the side of Defendant's hip.
>
> As Defendant and the other man descended the small stairway, Cooks observed Defendant confront Ford. Defendant demanded ten dollars that Ford owed him. Ford responded, "No, I owe you five dollars." Defendant then struck Ford with his fist and a melee ensued. A short distance away in her apartment, Chandler heard Ford exclaim, "Why are you doing this?"
>
> About this time, Cooks observed Defendant pull out a gun,  point it at Ford's stomach or chest area and begin shooting. As Chandler was "opening up her door to tell them to cool the noise down," she heard a gunshot. Through the open doorway, Chandler could observe Defendant and Ford wrestling around," but as Cooks fled upstairs to Chandler's apartment, he blocked her view of the shooter.
>
> Despite not wanting company moments earlier, Chandler let Cooks in, and he proceeded to the kitchen window and observed Defendant still shooting Ford. Both Cooks and Chandler saw Defendant and the other man leave the scene in a small, silver or gray automobile as Ford lay face down in front of the apartment.
>
> Chandler phoned 911 and hung up. The dispatcher called her back. Chandler told the dispatcher there had been a shooting. Cooks eventually went downstairs and flagged down the police officer. A blue bandanna similar to Defendant's was found at the scene with a cartridge casing underneath it.

*Newson I,* 721 N.E.2d 238-39 (footnote omitted).

## V.  NEWSON'S CLAIMS

Newson claims in this action that there was insufficient evidence concerning the Murder conviction, that the trial court improperly excluded certain testimony, and that he was denied the effective assistance of counsel at trial and in his direct appeal.

## VI.  STANDARD OF REVIEW

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). *See Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004).

Review of the habeas petition in this case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004). Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the state court decision was contrary to, or involved an unreasonable application of, Supreme Court precedent, or if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. 28 U.S.C. § 2254(d)(1), (2); *Early v. Packer,* 537 U.S. 3, 7-8 (2003); *Lambert,* 365 F.3d at 561.

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 125 S. Ct. 1432, 1438-39 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

In addition to the substantive standard reviewed above, "[o]ut of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley,* 124 S. Ct. 1847, 1849 (2004). Stated otherwise, "[a] state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Thus,

> the claims raised by a petitioner in state court must be presented in a manner that fairly alerts the state court of the federal constitutional grounds for his claim. Fair presentment of a petitioner's claims to a state tribunal requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims by presenting both the operative facts and the controlling legal principles that he believes should govern the analysis.
>
> Federal courts may only review defaulted claims if the petitioner shows cause for the failure to raise them and consequent prejudice, or when he shows that a fundamental miscarriage of justice will occur unless the federal court hears the claim.

*Baddelle v. Correll,* 452 F.3d 648, 661 (7th Cir. 2006)(internal quotations and citations omitted). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (i.e., the errors worked to the petitioner's '*actual* and substantial disadvantage,'; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.,* a claim of actual innocence)." *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). "Cause" for

a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982).

## VII.  ANALYSIS

### A.  Sufficiency of the Evidence.

As a matter of federal constitutional law, "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364 (1970); *see also Herrera v. Collins,* 506 U.S. 390, 402 (1993) (noting that "a conviction based on evidence that fails to meet the *Winship* standard" is an "independent constitutional violation").

A challenge to the sufficiency of the evidence is analyzed in a federal habeas proceeding by determining "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). A federal habeas court is not entitled to reweigh the evidence under the guise of assessing its sufficiency. *Id.* at 319. On the contrary, a federal habeas corpus court must presume that the jury resolved all reasonable inferences in the State's favor. *Id.* at 326; *Willard v. Pearson,* 823 F.2d 1141, 1150 (7th Cir. 1987).

In this case, Newson challenges the sufficiency of the identification of him as the individual who shot Ford. This claim was presented in his direct appeal. In considering this argument, the Indiana Supreme Court found the evidence sufficient:

> In this case, there was both an eyewitness and a corroborating witness. Cooks testified that he witnessed Defendant approach Darryl Ford and state that Ford owed him ten dollars. Cooks also testified that an argument and fight ensued, resulting in Defendant shooting Ford at least four times. Ford died as a result of this gunfire. Cooks's testimony identifying Defendant as the killer was corroborated by Chandler. Chandler testified that before the shooting, Defendant had stopped by her apartment but left after he was told that she wanted no visitors. Soon thereafter, Chandler saw Defendant and Ford arguing and fighting. Chandler then heard gunshots and observed Ford lying face down on the ground with Defendant driving away.

> After considering all the evidence most favorable to the verdict as well as drawing all reasonable inferences therefrom, we find the jury could have reasonably concluded that Defendant killed Ford.

*Newson I*, 721 N.E.2d at 240-41.

The findings of fact on this point in *Newson I* are therefore accepted for the purpose of this proceeding, and no relief or re-determination of the facts is available to Newson under § 2254(d)(2). See *Harding v. Walls,* 300 F.3d 824, 828 (7th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1) and explaining that courts refer to (e)(1) for the petitioner's burden of proof when that petitioner tries to make a (d)(2) showing of unreasonable state court factual determinations). The Indiana Supreme Court's evaluation of this claim provided both Newson and the State of Indiana with fair process and constituted reasoned, good-faith decision-making when applying *Jackson's* "no rational trier of fact" test. The determination by the Indiana Court of Appeals that the evidence was sufficient thus did not run afoul of the AEDPA standard as expressed in 28 U.S.C. § 2254(d)(1), and hence Newson is not entitled to relief based on his first claim.

## B. Exclusion of Testimony.

Newson argues that the exclusion of testimony that witness Cooks identified Newson as the shooter only to avoid prosecution for possession of drugs was "an abuse of discretion." Such a claim does not support federal habeas relief. Federal habeas courts may only review a state evidentiary ruling if it is erroneous and is of a constitutional magnitude, *i.e.,* the state court's ruling must be so prejudicial as to compromise the habeas petitioner's due process right to a fundamentally fair trial creating the likelihood that an innocent person was convicted. *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000); see also *Howard v. O'Sullivan,* 185 F.3d 721, 725 (7th Cir. 1999)("To be of constitutional import, an erroneous evidentiary ruling must be so prejudicial that it compromises the petitioner's due process right to a fundamentally fair trial. This means that the error must have produced a significant likelihood that an innocent person has been convicted."(internal citations omitted)).

The ruling which Newson cites as error here does not approach the magnitude of compromising Newson's right to a fair trial in such a fashion that there is a significant likelihood that an innocent person has been convicted. Even if the evidentiary ruling could support a cognizable claim, moreover, the Indiana Supreme Court noted that the exclusion of testimony of which Newson complains did not prejudice him at all because Newson's trial counsel was allowed to elicit testimony that Cooks named Newson "to keep himself out of trouble." *Newson I,* 721 N.E.2d at 240. There is thus no merit to this claim in Newson's petition for a writ of habeas corpus.

## C. Assistance of Counsel at Trial.

Newson argued in his post-conviction action that he had been denied the effective assistance of counsel at trial in various respects.

To support an ineffective assistance of counsel claim under *Strickland v. Washington,* 466 U.S. 668, 684 (1984), Newson must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 695. A failure to establish either prong would result in a denial of Newson's claim. *See Rastafari v. Anderson,* 278 F.3d 673, 688 (7th Cir. 2001). The first prong is satisfied by a showing that counsel's performance fell below the "objective standard of reasonableness" guaranteed under the Sixth Amendment. *Barker v. United*

States, 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 688). In evaluating whether counsel's performance was deficient, "the court must defer to counsel's tactical decisions," avoid "the distorting effects of hindsight" and give counsel the benefit of a strong presumption of reasonableness. *Strickland*, 466 U.S. at 689. The prejudice prong of *Strickland* requires petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

A federal habeas court does not apply the principles of *Strickland* directly, but instead analyzes whether the state courts reasonably applied federal law in concluding that Newson's counsel was not ineffective. *See Conner v. McBride*, 375 F.3d 643, 657 (7th Cir. 2004).

Newson's claim of ineffective assistance of counsel at trial was presented through a variety of specifications. This claim was rejected based on the findings that counsel's failure to take certain actions was not deficient performance or that the errors attributed to counsel were not prejudicial. In reaching this conclusion, the Indiana Court of Appeals properly recognized the two-prong test of *Strickland, Newson II*, at pp. 4-5, and in discussing each specification it is more than apparent that the Indiana Court of Appeals "'took the constitutional standard seriously and produce[d] an answer within the range of defensible positions.'" *Taylor v. Bradley*, 448 F.3d 942, 949 (7th Cir. 2006)(quoting *Mendiola v. Schomig*, 224 F.3d 589, 591 (7th Cir. 2000)). Because this court cannot find that the Indiana Court of Appeals "unreasonably applie[d] [the *Strickland* standard] to the facts of the case," this court is without authority to grant Newson's petition for habeas relief as to his claims of ineffective assistance of counsel. *Murrell v. Frank*, 332 F.3d at 1111 (citing *Bell v. Cone*, 122 S. Ct. 1843, 1850 (2002)).

## D.  Assistance of Counsel in Direct Appeal.

With respect to the specification of ineffective assistance of counsel in Newson's direct appeal, to establish the *Strickland* prejudice prong, a defendant must show that there is a reasonable probability that appellate counsel's failure to raise an issue would have resulted in the reversal of his conviction or an order for a new trial. *Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003) (for a claim to support relief, there must be a reasonable probability that issues not raised would have altered outcome of appeal). The Indiana Court of Appeals relied on its assessment of Newson's representation at trial to conclude that his representation on appeal was not deficient. *Newson II*, at p. 6 ("Petitioner must demonstrate that appellate counsel's performance was deficient and that, but for the deficiency of appellate counsel, trial counsel's performance would have been found deficient and prejudicial. . . . Appellate counsel's performance will be addressed only if we conclude that trial counsel's performance was deficient."). In the appellate counsel context, a showing of prejudice requires a showing that petitioner's claims would have succeeded on appeal. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000); *McCleese v. United States*, 75 F.3d 1174, 1180 (7th Cir. 1996). Because the Indiana Court of Appeals reasonably found that trial counsel's representation of Newson was not ineffective, there was likewise no ineffective representation in the direct appeal on this same subject.

## VIII.  CONCLUSION

This court has carefully reviewed the state record in light of Newson's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388  (7th Cir. 1997). No such established rules entitle Newson to relief in this case. Accordingly, his petition for a writ of habeas corpus must be **denied** and this cause of action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 11/07/2006 _____

_Sarah Evans Barker_

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana